of the court on trial at Special Term. The action was in equity to enjoin the defendant from using certain formulas for making writing ink and from using the name " Pennant " for ink and to collect salary alleged to be due to plaintiff, computed from the time of his discharge by defendant to a date one year from the date of the contract. The basis of the action was a written contract, dated August 23, 1919, made between the parties. The court held that the contract constituted an agreement for the period of one year from its date. Appellant contended that the contract constituted an agreement for three months, and that after said three months' period the contract was terminable at will by either party.

*George W. Tucker* for appellant.
*Albert T. Scharps* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

WALLACE D. EYRE, as Trustee in Bankruptcy of the Estate of CLEARFIELD COUNTY COAL COMPANY, INC., Appellant, *v.* THE RONDOUT NATIONAL BANK, Respondent. (Actions 1 and 2.)

*Banking — bills, notes and checks — conversion — deposit of checks payable to corporation to personal account of president thereof — when bank in which checks were deposited not liable in action for conversion.*

*Eyre* v. *Rondout Nat. Bank*, 206 App. Div. 806, affirmed.

(Argued April 4, 1924; decided May 13, 1924.)

APPEAL in each of the above-entitled actions from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered October 11, 1923, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term without a jury. Between November 6, 1919, and February 2, 1920, ten checks aggregating $93,983.09 payable to the Clearfield County Coal Company, indorsed by Edward G. Murray, as president, were deposited in the defendant bank to the personal credit of

36

said Murray and thereafter paid out by the defendant upon checks drawn by him upon said account. These actions are brought by the trustee in bankruptcy of said corporation to recover the value of said checks which it was alleged were converted by the defendant bank to the use of said Edward G. Murray. The defendant's answer was a denial of the allegations in the complaint that the checks were the property of the corporation, and as a separate defense alleged that Murray was sole stockholder and had authority to indorse all commercial paper payable to the company, and, further, that the claims of creditors herein arose subsequent to the acts complained of and that the company was solvent at the time of the commission of such acts.

*John T. Loughran, Frank M. Swacker* and *Ambrose V. McCall* for appellant.

*Howard Chipp* and *Walter N. Gill* for respondent.

Judgment in each action affirmed, with costs; **no** opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

JOHN JORDAN, Respondent, *v.* UNION FERRY COMPANY OF NEW YORK AND BROOKLYN, Appellant.

*Negligence — ferries — truck driver injured through breaking of gangplank over which he was driving to board ferry.*

*Jordan* v. *Union Ferry Co. of N. Y. & Brooklyn*, 207 App. Div. 855, affirmed.

(Argued April 4, 1924; decided May 13, 1924.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department entered November 7, 1923, unanimously affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. On October 15, 1920, at about six o'clock in the evening, this plaintiff, who was a truck driver, drove his truck into the entrance of the defend-